**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:21-cr-20188-PCH

UNITED STATES OF AMERICA,

v.

HANZEL SANS-MARTINEZ,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    **THIS CAUSE** came before the Court following the District Court's Order of Reference for a Change of Plea Hearing. ECF No. [29]. The Change of Plea hearing was conducted on June 25, 2021, and then was re-set for July 14, 2021 to allow counsel for Defendant to meet with Defendant to address certain questions Defendant had regarding the Factual Proffer. The Change of Plea was concluded on July 14, 2021. The undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    As an initial matter, the Court advised Hanzel Sans-Martinez ("Defendant") of his right to appear at the plea hearing in person. Defendant waived his right to appear in person. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented to proceed by videoconference. Counsel concurred that holding the change of plea now, rather than delaying it until all could appear before the Court in person, was important because they had reached a resolution to this prosecution and they did not want to further delay the matter. Pursuant to the Administrative Orders of this Court, specifically, including, 2020-76, 2020-53, 2020-41, 2020-33, 2020-24, 2020-21, 2020-18, 2020-23, 2021-12, 2021-33, and 2021-50, the Court found that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice, and the hearing was conducted by videoconference.

1

2. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court.  This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.  This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case.  Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

4. Defendant pled guilty to Count I of the Indictment.  Count I charges Defendant with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 18 U.S.C. §§ 841(a), 841(b)(1)(A)(viii), and 846.  The Court advised Defendant that as to Count I, there is a mandatory minimum of ten years and a maximum of life, followed by a period of supervised release of at least five years up to life, and a possible fine of up to $10,000,000.  The Court also advised Defendant that there is a mandatory special assessment of $100.00.  Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case, including the possibility of forfeiture.

5. To set forth the factual basis for the entry of the plea, Defendant and the Government submitted a written Factual Proffer.  The Factual Proffer, also read by the Government at the hearing, established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer was accurate.

6. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and Defendant acknowledged that he understood the terms of the plea agreement and that he had signed the plea agreement.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

8. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count I of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

Accordingly, it is hereby **RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offenses to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have until **July 16, 2021 at 5:00 P.M.** to file written objections, if any, for consideration by the United States District Judge. The parties agreed and stipulated to the shorten period for filing objections.

Any request for an extension of this deadline must be made within one calendar day from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v.*

*Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 14th day of July, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge